## BLOCK et al. v. WARNER BROS. CIRCUIT MANAGEMENT et al.

### Civil No. 1263.

District Court, E. D. Pennsylvania.

Feb. 11, 1941.

Blumberg & Sork, of Philadelphia, Pa., for plaintiffs.

Ellis Brodstein, of Reading, Pa., for defendant David B. Brodstein.

BARD, District Judge.

This comes before the court upon the motion of one of the individual defendants, David B. Brodstein, to dismiss the complaint insofar as applicable to him.

The complaint was filed against twenty-one defendants. Some of the defendants are named and defined by the plaintiffs as "Distributor Defendants"; those defendants are engaged in the business of producing and distributing motion picture films. Some of the defendants are named and defined by the plaintiffs as "Exhibitor Defendants"; those defendants are engaged in the exhibition of motion pictures. The present defendant, David B. Brodstein, and two other defendants are merely referred to in the complaint as "defendants". Brodstein operates the Orpheum Theatre in Reading, Pa., exhibiting fourth and fifth run pictures. Of the seventy-three paragraphs contained in the complaint, sixty-nine complain against the "Distributor Defendants" and "Exhibitor Defendants". Four numbered paragraphs complain against the present defendant, David B. Brodstein.

Two distinct causes of action are alleged. The first concerns a combination and conspiracy allegedly in restraint of trade and

violative of Federal Statutes regulating interstate commerce. The second concerns a conspiracy and series of acts aimed to force the plaintiffs to sign a contract with a union.

The restraint of trade was allegedly effected by the establishment of certain preferences or priorities relative to the distribution for exhibition of motion pictures. It is alleged that the schedules for distribution were designed to and did operate to the disadvantage of and loss by the plaintiffs who operate independent moving picture theatres. By specific averment, it is stated that the "Exhibitor and Distributor Defendants" were the parties alleged to have so acted.

"Exhibitor Defendants" are enumerated in paragraph 18 and "Distributor Defendants" in paragraph 19 of the complaint. The instant defendant is excluded from both these enumerations.

In view of the specificity of the complaint relative to the parties involved in the first cause of action, it must be concluded that the instant defendant is not a party to that cause of action.

Consideration of the other cause of action alleged discloses averments specifically related to the defendant. It is alleged in paragraphs 55 to 58 inclusive in effect that he, with others, conspired to and did force "Union representatives to advise the plaintiffs that unless they accepted the Union and compelled their employees to join the Union, the defendants and their managers would not recognize the Union or compel employees to join" it. It is also alleged that the defendant and others urged the union to threaten a strike against the plaintiffs and to threaten a placing of pickets in front of the plaintiffs' places of business. The plaintiffs, it is alleged, to avoid execution of the threatened acts, signed with the union and thereby incurred expenses allegedly placing them at competitive disadvantage.

There is no plain statement of grounds of jurisdiction, as required by Rule 8 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The plaintiffs argue, however, that this latter alleged conspiracy must also be regarded as one in restraint of interstate trade and therefore subject to federal laws concerned with interstate trade. There is no foundation for this contention. The conspiracy, as alleged, was intrastate in both operation and effect and therefore contravened no rights arising under federal laws.

It is not contended that any constitutional question is involved, and there is no apparent extraordinary ground for jurisdiction. Therefore, the plaintiffs to be in this court must found jurisdiction upon diversity of citizenship between themselves and the defendant. In view of the fact that the plaintiffs and the defendant are citizens of Pennsylvania, it follows that this essential prerequisite is absent.

It is ordered that the complaint be dismissed insofar as applicable to the defendant David B. Brodstein.